**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reynaldo VALDEZ–MARTINEZ,
Defendant–Appellant.**

**No. 07–10169.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2008.

Filed Feb. 19, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Anthony E. Maingot, Esq., U.S. Attorneys Office, Tucson, AZ, for Plaintiff–Appellee.

Scott Mcnamara, Esq., Tucson, AZ, Defendant–Appellant.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Reynaldo Valdez–Martinez was convicted for illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. 1326(b)(2), a Class C felony. He had been deported in 2000 following a

conviction for a drug-trafficking related offense and was found by United States Forest Service officials in a wildlife reserve three miles within the U.S. border. He appeals the district court's denial of his motion to suppress and denial of his Rule 29 motion for acquittal. We have jurisdiction under 28 U.S.C. § 1291 and affirm on both grounds.

Whether custodial questioning amounts to an interrogation is subject to clearly erroneous review, and accordingly, even if the questioning at issue violated *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), we may still affirm the conviction if the "introduction of the un-Mirandized statements was harmless [error] beyond a reasonable doubt." *United States v. Gonzalez–Sandoval,* 894 F.2d 1043, 1047 (9th Cir.1990). There was overwhelming evidence of Valdez–Martinez's guilt, even without the statements made to either agent.

The first statements made to Agent Soto were made in response to limited biographical questioning, and thus, did not violate *Miranda.* Although Agent Soto's questioning touched upon Valdez–Martinez's alienage and his lack of documentation permitting entry into the U.S., it was not until his processing that the remaining elements of the unlawful re-entry violation were discovered. Agent Soto testified that he did not ask the questions for the purposes of prosecution, and that such "field questioning" without *Miranda* warnings is Immigration and Naturalization Service policy (and that no *Miranda* warnings are ever issued until after background checks are conducted). In any event, it is clear beyond doubt that the government would have prevailed without the statements

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

made to Agent Soto, based on Valdez–Martinez's alien file, his prior criminal record, his Certificate of Non–Existence and the circumstances of his discovery by the patrol.

The statement to Agent Hasse was made following a valid waiver of *Miranda* rights by Valdez–Martinez and was thus properly admitted. We do not agree with Valdez–Martinez's portrayal of the interrogations as a "deliberate" two-step interrogation. Deliberateness is measured by "objective evidence"—including the timing, setting and completeness of the prewarning interrogation, the continuity of police personnel and the overlapping content of the pre– and postwarning statements—and subjective evidence (e.g., officer testimony) that support an inference that the two-step process "was used to undermine the *Miranda* warning." *United States v. Williams*, 435 F.3d 1148, 1158–59 (9th Cir. 2006).

■ Finally, the district court properly denied the acquittal motion because Valdez–Martinez had "enter[ed]" the United States under 8 U.S.C. § 1326(a). A person can only be said to have "entered" the United States if free from "official restraint." *See United States v. Pacheco–Medina*, 212 F.3d 1162, 1164–66 (9th Cir. 2000). Official restraint can take the form of either direct or covert observation, and one cannot be said to be free from restraint if one is observed uninterrupted from the moment of setting foot in the country. *See United States v. Hernandez–Herrera*, 273 F.3d 1213, 1218–19 (9th Cir. 2001). Valdez–Martinez was found three miles north of the border, in a wilderness preserve, miles from the nearest town, at the crack of dawn. He was found among two groups of three to four men each, and

the Forest Service officers were able to intercept them only after spotting them with thermal imaging lenses from a distance. We view the evidence in the light most favorable to the government, and under this standard, it is undisputed that Valdez–Martinez was free from official restraint until the time he was picked up by the forest service officers.

**AFFIRMED.**